# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2012

Lyle W. Cayce
Clerk

No. 11-31161
Summary Calendar

RUDOLPH PERKINS,

Plaintiff-Appellant,

versus

TERRY TERRELL; SELTEN MANUEL; EBONARY HALL;
JAMES M. LEBLANC; WAYNE H. CALABRESE; ANGELA EASOM,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
No. 2:11-CV-283

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-31161

Rudolph Perkins, Louisiana prisoner # 317312, appeals the dismissal of his 42 U.S.C. § 1983 suit as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii). Proceeding *pro se* and *in forma pauperis* ("IFP"), Perkins sued several supervisory officials and employees who worked in food service, alleging that they were deliberately indifferent to his allegedly serious medical needs by serving him processed foods in violation of a diet prescribed by his physician.

Perkins suggests that the district court erred by dismissing his claims against the supervisory officials because such officials can be liable under § 1983 for their policy decisions as well as failure to perform duties. Perkins does not allege, however, that the defendants were involved personally with any decisions concerning his diet or that they implemented any policies that resulted in injury to him. He thus fails to dispute the basis for the dismissal of the officials. Although we liberally construe *pro se* briefs, arguments must be briefed sufficiently to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Perkins's failure to address the district court's basis for dismissing his claims, "without even the slightest identification of any error in [the district court's] legal analysis or its application to [his] suit . . ., is the same as if he had not appealed that judgment." *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Perkins suggests that the district court erred by dismissing his claims against the remaining defendants without allowing him to obtain his medical records and the prison's menu. He contends that his medical records would have shown that the defendants failed to comply with his doctor's order that he receive a high-protein, low-sodium diet. He claims that the prison's menu would have shown that diet meals and regular meals are cooked in the same pot and that "all diets are one and the same."

Viewed in the light most favorable to Perkins and accepted as true, the factual allegations in his complaint and the accompanying documents establish that

2

he was served processed foods such as patties, sausage, cold cuts, potatoes, and beans by defendant Ebonary Hall. The documents show, however, that the defendants did not believe that the food violated Perkin's diet and did not think that serving it posed a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 837, 847 (1994). Perkins himself noted that Hall was "very optimistic" that he was receiving the prescribed diet. Perkins's own documentation also showed that the food-services manager relied on diet-order forms that indicated Perkins was receiving the diet ordered by his doctor. Because Perkins's complaint and the accompanying documents show that there was no "wanton disregard for [his] serious medical needs," he failed to meet the "extremely high standard" for deliberate indifference. *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). The district court did not err by dismissing the suit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The dismissal counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Perkins is warned that, once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

The judgment is AFFIRMED.